IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
CRAIG SIROTA,                     )
                                  )
              Plaintiff,          )
                                  )
     v.                           )    No.  06 C 7166
                                  )
SUPERIOR WHOLESALE PRODUCTS, INC.,)
                                  )
              Defendant.          )
```

MEMORANDUM ORDER

Craig Sirota ("Sirota") has brought this action against Superior Wholesale Products, Inc. ("Superior"), seeking to invoke federal jurisdiction on diversity of citizenship grounds. This memorandum order is issued sua sponte to address two problems with that attempted invocation, only one of which is likely curable.

To begin with, although Complaint ¶3 properly identifies both facets of Superior's dual corporate citizenship as described by 28 U.S.C. §1332(c)(1),[1] all that Complaint ¶2 says about Sirota himself is this:

> 2. SIROTA is an individual whose place of business is in Lake Forest, Lake County, Illinois.

Nothing in Section 1332 makes the location of an individual's place of business a relevant factor for diversity purposes--instead the controlling factor is the individual's state of citizenship (which could perhaps be Florida, thus

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

negating the required diversity).

But that jurisdictional flaw, which seems more likely than not to be curable on the premise that Sirota's business location also connotes Illinois citizenship, is overshadowed by the noncurable problem posed by the Complaint's substantive allegations.  Although Sirota's counsel has framed the Complaint in terms of an action by Sirota individually against Superior, the nature of the relationship between the parties in connection with the current dispute is concededly that of joint venturers (see Complaint ¶¶8 and 10)--indeed, all of the allegations beginning with Complaint ¶10 speak of the "Venture" as an entity (an unincorporated one, of course), and here is how Complaint ¶10 describes the parties' commitments in that respect:

> SUPERIOR and SIROTA agreed that each party to the Venture would contribute one-half of the funds needed by the Venture to purchase the PET and pay other expenses and would share the profits and losses equally.

As Complaint ¶¶11 and 12 as well as the summary set out in Complaint Ex. A make plain, Superior's breach of its obligations to the Venture consists of its failure to match Sirota's contribution--a shortfall of $1,319,700,[2] or perhaps alternatively $819,681.50.[3]  But the critical fact for

---

[2]  That figure is derived from Sirota's having advanced $3,174,700 while Superior provided $1,855,000.

[3]  That is the amount based on the calculations made in Complaint Ex. A, which describes the relevant figure as

2

jurisdictional purposes is that in all events the claimed amount is owed by Superior <u>to the Venture</u> and not to Sirota individually.[4]

Hence whatever the operative amount proves to be, the actual claim disclosed by Sirota's allegations is one possessed by the <u>Venture</u> (and not by Sirota individually) against Superior. Though Sirota may have the authority to act on the Venture's behalf to assert its rights, the real party in interest provision (see Fed. R. Civ. P. 17(a)) places the entire Venture on the plaintiff's side of the "v." sign and Superior on the other. And under the uniform caselaw exemplified by <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 196 (1990) and its progeny, that in turn places Superior on both sides of the "v." sign--and <u>that</u> destroys diversity.

This Court is of course obligated to address the presence or absence of subject matter jurisdiction sua sponte (see, e.g., <u>Cook v. Winfrey</u>, 41 F.3d 322, 325 (7th Cir. 1998) and <u>Wis. Knife Works v. Nat'l Metal Crafters</u>, 781 F.2d 1280, 1282 (7th Cir. 1986)). That obligation compels the dismissal of the Complaint

---

"[a]mounts advanced by Sirota to the Venture as of December 2006 over and above amounts advanced by Superior."

[4] As the Complaint goes on to explain, the dust has not yet settled on the transaction because of an ongoing dispute with the Brazilian customs authorities (Complaint ¶¶14-17). Complaint ¶18 confirms that the amount of the ultimate loss to the Venture is not yet determined for that reason, with the parties continuing to have the obligation to fund the Venture on an equal basis.

3

and this action for lack of subject matter jurisdiction, and this Court does so.[5]

_____
Milton I. Shadur
Senior United States District Judge

Date: January 3, 2007

---

[5] This dismissal is of course without prejudice to the Venture's potential reassertion of this action in a state court of competent jurisdiction.